# Exhibit 27



**DEPARTMENT OF THE NAVY**
HUMAN RESOURCES OFFICE
COMMANDER
NAVY REGION HAWAII
517 RUSSELL AVENUE
PEARL HARBOR, HAWAII 96860-4884

12000
N01CP.2A
September 16, 2002

Certified Mail: 7001 2510 0001 5472 1848

Mr. Elbridge W. Smith, Esq.
841 Bishop Street, Suite 909
Honolulu, HI 86813

    Re: Milton Kaopua

Dear Mr. Smith:

    Thank you for your letter of August 27, 2002, following up on our discussion earlier that day.

    With regard to Mr. Kaopua's leave transfer donations discussed in our telephone conversation, Ms. P. De Vita of the Injury Compensation Office raised with the Fire Department's Administrative Officer the issue of Mr. Kaopua's not being eligible for leave donations because Mr. Kaopua's workers' compensation claim was granted. However, when the Administrative Officer contacted me for advice on the matter, I did not recall Mr. Kaopua had a negative sick leave balance from advanced sick leave. Subsequent to our conversation on August 27, I informed the personnel involved in processing leave transfer donations that Mr. Kaopua is eligible to receive donations to offset his negative sick leave balance. I also asked the Leave Transfer Program Coordinator to contact the person she had informed that Mr. Kaopua was not eligible for donations to correct the information. Mr. Kaopua's leave donation concerns should therefore be resolved.

    I have attached the documents the Fire Department has concerning Mr. Kaopua's absence. It seems you have some differing documents and that may be the reason for any misunderstanding concerning reasonable accommodation requests.

    As I explained in our phone conversation on August 27, the Fire Department has ensured Mr. Kaopua's safety by removing Mr. R. Abad from the Lualualei Fire Station. This should preclude any contact because the stations the two employees are at do not back up each other. Mr. Abad is assigned to the Iroquois Point Fire Station, which is approximately 20.6 miles away from the Lualualei Fire Station. The fire crew at Barbers Point, which is located between Lualualei and Iroquois Point, is responsible for backing up the Lualualei and Iroquois Point fire crews. The Lualualei and Iroquois Point fire crews would not respond to the same emergency, since both fire crews are stationed in areas with munitions and cannot leave the area. If there is an emergency in either area in which more than one fire crew must respond, the Barbers Point fire crew will respond, as well as the Manana fire crew, if needed.

    The Area Chiefs are aware of Mr. Kaopua's Temporary Restraining Order (TRO), and will continue to make all reasonable efforts to assure there is no contact at work between Messrs. Abad



275

ENCLOSURE (26-1)

and Kaopua. The Area Chiefs will inform all supervisors in all areas that Mr. Abad is not to have contact with Mr. Kaopua. Also, the Fire Department does not see any need for Mr. Kaopua to contact or deliver items to the Iroquois Point Fire Station when Mr. Abad is there. If such should occur, Mr. Kaopua may contact the Area Chief or assign a crew member to arrange contact or delivery. The mandatory separation also would not restrict overtime opportunities, since they are both Fire Captains; only one Fire Captain is assigned per crew; and overtime fill-ins can be arranged by the Area Chiefs so they are not at the same station.

You acknowledged during our conversation that Mr. Abad's behavior at the supermarket is outside of work and not the responsibility of the Fire Department. It appears that Mr. Kaopua has taken steps to address the TRO violation by filing a police report.

Fire Chief M. Jones, upon notification from Naval Criminal Investigation Service (NCIS) of the incident, took immediate action to speak to Mr. Kaopua about his concerns. Chief Jones informed NCIS to follow through with an investigation, so appropriate action could be taken to address the matter. As you are well aware, Mr. Abad's statement to the Police Officer is now at the level of the U.S. Attorney's Office. Mr. Abad is being prosecuted for "threatening, by word or conduct, to cause bodily injury to Milton K. Kaopua, in reckless disregard of the risk of terrorizing said Milton K. Kaopua." It appears that you are suggesting that the Fire Department terminate Mr. Abad from employment based on his statement to the Police Officer. As an experienced attorney in Federal sector civilian personnel matters, I am sure you are well aware of the Merit System Protection Board's rulings in "threat" cases, and the elements and burden of proof on the agency to support such termination cases. Based on the fact that Mr. Abad has over 25 years of service, no prior disciplinary action, and the Police Officer's handling of the "threat" incident, I believe it would be difficult to support a termination action. The only assurance that the Fire Department can give Mr. Kaopua is that the Department will take appropriate action based on the outcome of Mr. Abad's court case and considering all other pertinent information.

You ask in your letter whether the Fire Department can assure Mr. Kaopua's protection and safety by any other means. Exactly what means do you suggest? The Fire Department has already moved Mr. Abad to a station where he will have no contact with Mr. Kaopua and Mr. Kaopua has access to the Security Department at Lualualei. In addition, the Fire Department made Mr. Kaopua's previous assignment to the Wheeler Fire Station, approximately 21.8 miles from Lualualei and not much farther than Mr. Abad's assignment to Iroquois Point at 20.6 miles, to allow Mr. Kaopua to be in a station with other supervisors in case of any problems. The Wheeler Fire Station houses a Station Chief and three fire crews. However, based on Office of Workers' Compensation (OWCP) Nurse J. Neill's recommendation from you to facilitate Mr. Kaopua's return to work, the Fire Department assigned Mr. Kaopua back to the Lualualei Fire Station.

OWCP Nurse Neill may contact Deputy Fire Chief Bryan Nakasone at 473-5723 to facilitate and assist in Mr. Kaopua's back-to-work rehabilitation program.

274

ENCLOSURE (26-2)

ENCLOSURE (2C-3)

Please contact me at 474-3797 or fax 474-3598 if you have any questions.

Sincerely,

*Hazel E. Wong*

Hazel E. Wong
Labor Advisor

Enclosure

Copy to:
Mr. Milton Kaopua
Fire Chief M. Jones
Deputy Fire Chief B. Nakasone
Dr. Robert Davé, PhD
Dr. Shepard Ginandes, MD
OWCP Nurse J. Neill, RN

2³77

ENCLOSURE (2C-3)