# Exhibit 33



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Milton Kaopua,
Complainant,

v.

Gordon R. England,
Secretary,
Department of the Navy,
Agency.

Appeal No. 01A43922

Agency No. DON-03-62813-001

Hearing No. 370-2003-02350X

## DECISION

Pursuant to 29 C.F.R. § 1614.405, the Commission accepts the complainant's appeal from the agency's final order in the above-entitled matter. Complainant alleged that the agency had discriminated against him in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq.; on the bases of race (Hawaiian), religion (Christian), and disability (anxiety, stress and depression) when: (1) he was subjected to a hostile work environment from November of 1998 though October of 2001; (2) his request for a reasonable accommodation was denied; (3) from November of 2001 to October of 2002, management interfered with his Office of Workers Compensation Programs claim; and (4) from November of 2001 through October of 2002, management failed to inform him of correct advance sick leave procedures, failed to process his requests and denied his requests for advance sick leave. After a review of the record in its entirety, including consideration of all statements submitted on appeal, it is the decision of the Equal Employment Opportunity Commission to affirm the agency's final order, because the Administrative Judge's issuance of a decision without a hearing was appropriate and a preponderance of the record evidence does not establish that discrimination occurred.[1]

---

[1] We note that the Administrative Judge dismissed complainant's claim of a hostile work environment under 29 C.F.R. § 1614.1107(a)(2), as complainant failed to make timely contact with an EEO Counselor regarding this claim. In addition, the AJ also dismissed complainant's claim regarding his allegations that the agency delayed processing his requests for advance sick leave due to untimely contact with an EEO Counselor. However, the AJ also found that even if these allegations were considered on the merits, they would be subject to summary disposition as

2                                                                                                01A43922

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and

---

complainant failed to show that the agency's actions regarding these allegations materially altered the terms, conditions or privileges of his employment such that he was subject to an adverse action.

3                                                                               01A43922

also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

_Carlton M. Hadden_
Carlton M. Hadden, Director
Office of Federal Operations

SEP 10 2004
Date

### CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

SEP 10 2004
Date

_H. Wood_
Equal Opportunity Assistant