# EXHIBIT "K"

# SMITH HIMMELMANN
ATTORNEYS AT LAW • A LAW CORPORATION

DAVIES PACIFIC CENTER • SUITE 909
841 BISHOP STREET • HONOLULU, HAWAII 96813
TELEPHONE: 808.523.5050
FAX: 808.538.1382 or 815.377.1117
E-MAIL: shlaw@flex.com

April 24, 2002

Via Fax: 474-3798 [@<08>]

Hazel Wong, Labor Advisor (NO1CP.1B)
Federal Fire Department
COMNAVREG PEARL HARBOR HI
4300 Radford Drive
Honolulu, HI 96818-3298

Re: Milton Kaopua and FOIA Request

Dear Ms. Wong:

A. This letter is to memorialize my understanding of our conversation on Thursday, April 18, 2002, in which I asked you for a report as to what corrective action, if any, the Agency was taking with respect to the death threat against Mr. Kaopua. You indicated "management was taking action," but would not disclose who, what, when, or why, indicated that Mr. Kaopua (and hence his doctor) would not be so informed, and that there would be no public statement with respect to this matter. Is my understanding correct?

B. We now include in our inquiry: what action management is taking with respect to Mr. Kaopua's prior disclosures of apparent inappropriate if not illegal activity involving Capt. Abad and higher level authority in personally raising and selling pigs on government property, which pigs apparently physically damaged government property (and may have involved the personal time of other government employees?); the inappropriate personal, non-government use, and interference with the proper government use, of ice making facilities; among others?

So, we also ask for your response with respect to Mr. Kaopua's prior ongoing disclosures?

C. In this same regard, this letter is to request, pursuant to the Freedom of Information Act, copies of all reports and information which document (1) such disclosures and complaints of Mr. Kaopua, (2) the threat against him made by Mr. Abad, including (3) Navy police reports, (4) NCIS reports and (5) all other records and files contained within your command, within the Federal Fire Department command and/or within other Navy commands, being the Fire Department's landlord. If you need further information to respond to this request, please let me know. If this request needs to be sent and responded to by any different authorities, please forward this request to those authorities and provide us with a copy of your transmittal(s).

We look forward to your prompt and statutorily timely response with respect to these information request matters (A-C).



EXHIBIT K

*Specializing in Representing Federal Employees*

242

ENCLOSURE (17-1)

**SMITH HIMMELMANN**
ATTORNEYS AT LAW · A LAW CORPORATION

April 24, 2002
Page 2

D. Mr. Kaopua remains partially dysfunctional and totally unable to work as a result of the threat against him, the apparent reprisals, including transfer of him away from his work station and men (when it would seem that only the perpetrator needed to be moved), the failure of the Agency to take prompt, public corrective action or at least its failure to advise Mr. Kaopua, his representative and physicians of its remedial actions, and of the failure of the Agency to demonstrate any immediate efforts at meaningful reasonable accommodation, other than to facilitate minimal advanced sick leave and a barely mediocre response to his request for the leave transfer program.

From our meetings and discussions with Mr. Kaopua's treating and evaluating physicians, it is apparent to us that a combination of appropriate therapeutic intervention, including work place accommodation would both speed his recovery and his return to work. Is the Agency interested in such?

Most sincerely yours,
SMITH HIMMELMANN

Elbridge W. Smith

EWS:ma
cc:  Shepard Ginandes, M.D.
fc:  Robert Davé, Ph.D.
     Jamie Neal, RN - OWCP Assigned Nurse

243

*Specializing in Representing Federal Employees*

ENCLOSURE (17-2)