EXHIBIT "M"

A FAX MESSAGE FROM:

# SMITH HIMMELMANN
ATTORNEYS AT LAW • A LAW CORPORATION

DAVIES PACIFIC CENTER • SUITE 909
841 BISHOP STREET • HONOLULU, HAWAII 96813
TELEPHONE: (808) 523-5050
E-MAIL: shlaw@flex.com
Reply FAX Number: 808-538-1382

DATE: August 27, 2002

TO: Michael P. Jones, Chief, Federal Fire Department
c/o Hazel E. Wong, Labor Advisor
OF: COMNAVREG - Hawaii (Code N01CP.1B, HRO)
FAX Number: 474-3598 @ <08>

FROM: Elbridge W. Smith

RE: Milton K. Kaopua, Supv. Firefighter (Capt)

Thank you for your letter of July 26 and Ms. Wong's of August 27. I have discussed your letter with Mr. Kaopua and his Doctors Ginandes and Davé.

As I told Ms. Wong, neither Dr. Ginandes nor Mr. Kaopua understand that your letter answers the questions raised previously by the doctors in their reports, in Mr. Kaopua's OWCP approved claim, in his court TRO, or in my letter regarding assurances for his safety. Nor does her phone call and fax of today or your letter appear to reflect any appreciation for his actual fear and his actual medical conditions. Are we mistaken?

Mr. Wong's prior and again current messages and your letter also noted that the last note you have from Dr. Ginandes suggests that Mr. Kaopua is off work only until September 1. Therefore, your Department doesn't understand our earlier failure to accommodate allegation, believe we gave you no response and then you asked what accommodation does he want? Let me repeat what I said to you before, "... Dr. Ginandes' last note says he will be off until 'at least 9-1-02.' Dr. Ginandes has repeatedly and consistently said, as has Dr. Davé, and has OWCP nurse Neill, that until Mr. Kaopua has been assured that his work environment is safe he cannot successfully return to work, .... Both doctors and the OWCP claims examiner have asked me what corrective and accommodating actions the Department is taking or at least offering given the accepted facts of his injury and his diagnosis (e.g., what appropriate resolution to the ongoing [1] threat of violence, what corrective action for a death threat by a co-worker in possession of an illegal firearm, what corrective action for the whistleblower disclosures and perceived retaliations?) and the agency gives no reply to me to give to them, nor does it give any directly to Mr. Kaopua, the doctors, or OWCP."

Doctors Ginandes and Davé, Mr. Kaopua, and I still do not see substantive answers.

---

[1] I say ongoing because there was another threatening contact between Mr. Kaopua and his wife and Mr. Abab and his wife last week near a supermarket. An HPD police report was filed.

EXHIBIT M

*Specializing in Representing Federal Employees*

Michael P. Jones    Page 2
Chief, Federal Fire Department    August 27, 2002

Let me recapitulate Mr. Kaopua's and his doctors' concerns by the following: You recent letter does return him to Lualualei, but fails to provide any assurances of safety. Mr. Abad is still within the same Area, so the two could contact at a fire, at other emergency call, or by any telephone contact or physical travel by either to another location. No one understands that Mr. Abad was ever "directed" not to have contact with Mr. Kaopua or that all supervisors were likewise so instructed. Was he? Were they?

Will such mandatory separation as you now propose restrict his or his crews' duty or overtime opportunities in any fashion?

Mr. Kaopua threatened Mr. Kaopua's life, to a police officer. When served with the TRO, we are told that he gave up an illegal firearm to the police. In what sense has the Fire Department's "Zero Tolerance" policy for violence and threats been practiced and upheld?

On what basis does the Navy allow Mr. Abad to have continued Base/Installation access, given his threat to kill a federal employee on a federal facility grounds? On what basis does the Fire Dept. allow continued access to Fire Dept. facilities by Mr. Abad?

Has any disciplinary action of any kind been taken against Mr. Kaopua by the Fire Dept? What assurances do you have, and can you give, that Mr. Abad will not repeat this threat or act on his threat?

Does Mr. Kaopua own or possess any other firearms? How do you know?

What action would the Dept. take in the future if he made another threat, of any kind? If he took any physical action to effectuate such a threat?

How and why would Mr. Kaopua or his Doctors have any confidence that his safety will be "protected" in any fashion, other than the single described act of separating the two's regular physical work station, given the other opportunities for them to interact and be in the same general areas as a result of fires or other emergency calls? Do you assure protection and safety by any other means?

If Mr. Kaopua needs to access the fire station where Mr. Abad is stationed within the same Area on a work related matter, because he needs to telephone or radio that station or deliver something there, is he to shirk his duty and refuse in order to maintain "no contact" with Mr. Abad?

Dr. Ginandes and Dr. Davé have both told me that they believe Mr. Kaopua can be able to return to work and reach full capacity again rather shortly, given actual assurances of safety. That may require some additional workers compensation leave time to facilitate continued therapy and back to work adjustment. Can this be accommodated?

As you may know OWCP had assigned a paid contract RN to facilitate and assist in a back-to-work rehabilitation program. She may be of great assistance to both the Department and Mr.

268

*Specializing in Representing Federal Employees*

AUG-27-2002 22:56   SMITH HIMMELMANN, AAL, ALC         808 538 1382   P.03/03

Michael P. Jones  
Chief, Federal Fire Department

Page 3  
August 27, 2002

Kaopua in this regard, facilitating communication and understanding. Who would be your point of contact for Nurse Neill and/or the doctors? Or do you prefer not to use her services?

Mr. Kaopua will be seeing Dr. Ginandes again on this Thursday, August 29, as he does each week. What further information may I provide to them?

Most sincerely yours,  
SMITH HIMMELMANN

Elbridge W. Smith

cc:  Milton Kaopua  
     Shepard Ginandes, MD  
fc:  Dr. Robert Davé, PhD  
     Jamie Neill, RN (OWCP)

269

*Specializing in Representing Federal Employees*