EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawai'i

R. MICHAEL BURKE  1902
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, HI 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-3752
E-mail:   Mike.Burke@usdoj.gov

Attorneys for Defendants
Federal Fire Department
Secretary of the Navy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MILTON K. KAOPUA, | ) | CIVIL NO. 04-00723 JMS-KSC |
| | ) | |
| Plaintiff, | ) | DEFENDANTS' MEMORANDUM IN |
| | ) | REPLY TO PLAINTIFF'S |
| vs. | ) | MEMORANDUM IN OPPOSITION TO |
| | ) | DEFENDANTS' MOTION TO DISMISS, |
| Federal Fire Department; | ) | OR IN THE ALTERNATIVE, FOR |
| GORDON R. ENGLAND, Acting | ) | SUMMARY JUDGMENT; CERTIFICATE |
| Secretary, Department of the | ) | OF SERVICE |
| Navy, | ) | |
| | ) | DATE:  July 18, 2006 |
| Defendants. | ) | TIME:  10:00 a.m. |
| | ) | JUDGE: J. Michael Seabright |
| | ) | |
| | ) | |

DEFENDANTS' MEMORANDUM IN REPLY TO PLAINTIFF'S
MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

I.   SUMMARY

Nothing in PLAINTIFF'S MEMORANDUM IN OPPOSITION TO

DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY

JUDGMENT (hereinafter Plaintiff's Memorandum) rebuts the arguments in DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (hereinafter Defendants' opening memorandum) that Plaintiff's claims (other than that claim related to an asserted lack of reasonable accommodation) were untimely filed, and that without respect to timeliness, all these claims were and are unmeritorious.  Most importantly, nothing in the administrative proceeding or in Plaintiff's filings with this court shows or even suggests that anyone in the Navy did anything to Plaintiff based in any way on Plaintiff's race or religion, or based in any improper way on his medical or handicapping condition.

II.  DISCUSSION

    A.    Plaintiff Has Alleged No Facts Justifying His Untimely Complaint to the Navy's EEO Counselor of Discriminatory Treatment

The issue of timeliness was initially addressed in detail in the opinion of the Administrative Judge (Def.['s] Concise Statement of Facts, Ex. 31), who concluded that of Plaintiff's four principal complaints, three had been first raised to the Government's EEO counselor long after the 45 days prescribed by statute.

In his memorandum, Plaintiff asserts first that the Navy waived the lack of timely contact with an EEO counselor by

accepting and investigating the complaint.  Although the Circuits are not entirely consistent on the question (see discussion in Ester v. Principi, 250 F.3d 1068 (7th Cir. 2001)), the Ninth Circuit has held that "[t]he mere receipt and investigation of a complaint does not waive objection to a complainant's failure to comply with the original filing time limit when the later investigation does not result in an administrative finding of discrimination."  Boyd v. U. S. Postal Service, 752 F.2d 410 (9th Cir. 1984).  In this case, there was no express waiver by the Navy of Plaintiff's late filing.  Nor was there a waiver by implication; the issue of timeliness was fully evaluated by the Administrative Judge (AJ) (Defs.['] Concise Statement of Facts, Ex. 31) and resolved against Plaintiff and the AJ's decision was "fully implemented as the Department of the Navy's final action in this matter."  (Defs.['] Concise Statement of Facts, Ex. 32).  The finding was that no discrimination occurred.

    Plaintiff also asserts that the Government was guilty of a "continuing violation" of Plaintiff's right to nondiscriminatory treatment and that this continuing "pattern of ongoing discrimination" continued to a date within 45 days of Plaintiff's initial contact with an EEO Counselor.  He objects that this continuing violation was improperly fragmented in the EEO proceeding, resulting in the findings of untimeliness.  Pl.['s]

Mem. at 14-18.  This argument, however, is contradicted by Plaintiff himself in his affidavit (Pl.['s] Concise Statement of Facts (hereinafter PSF) Ex. A), in which he explains each of the specific elements of his complaint.  Each of these was subsequently addressed, as Plaintiff had laid them out in the affidavit, in the AJ's decision.  For those for which timeliness was an issue, the AJ's decision explained in detail how the conduct complained of had terminated or ceased to affect Plaintiff long before Plaintiff's initial contact with the EEO Counselor.  Plaintiff's own affidavit thus shows that no continuing pattern of discrimination existed, and Plaintiff has alleged no facts elsewhere to show any such pattern.

Plaintiff further alleges that he did not become aware that unlawful discrimination was the basis for the conduct of which he complained until July 2002, and that his July 2002 initial contact with the EEO Counselor was therefore timely.  He asserts (Pl.['s] Mem. at 19) that neither Plaintiff nor his counsel was aware of possible discrimination until, following a long meeting, they could find no other explanation for the various actions by the Government and its personnel of which Plaintiff now complains.

There is no doubt, however, that Plaintiff and his present counsel had been working together since December 2001 and were

fully and completely aware of the asserted discriminatory actions of which Plaintiff now complains as they occurred. (See Decl. of Elbridge Smith, PSF Ex. G). Plaintiff cannot claim that he lacked either legal advice or the ability to obtain and evaluate pertinent facts after December 2001.

Plaintiff's argument that he was unaware of any unlawful discrimination until July 2002, when he and his counsel had thus far failed to identify any other reason for the actions to which Plaintiff objected, is paradoxically damaging not only to the issue of timeliness, but to Plaintiff's entire case. Logically, it is invalid, because for each of the actions of which Plaintiff complains and for all of them taken together, even assuming that some of the Government's administrative processing might have been done better, simple human error or bureaucratic stumbling provide an ample and plausible explanation. (See, e.g., Aff. of Chief DeLaura, PSF Ex. E). More to the point, however, this argument suffers from precisely the same deficiency as Plaintiff's underlying claims of discrimination: A complete absence of any evidence of unlawfully discriminatory treatment. The conclusion which Plaintiff should have drawn from his inability to find any consistent explanation for the conduct to which he objected is the same conclusion that this court should draw; that is, however much that conduct may have caused

Plaintiff distress and unhappiness, there was never any scheme or plan on the part of the Navy or its personnel to harass or mistreat Plaintiff or to discriminate against him in any way. Finally, Plaintiff argues that the 45-day period to make his initial contact with an EEO Counselor was subject to equitable tolling. He states (Pl.['s] Mem. at 20) that "genuine issues of fact exist with respect to his notice and knowledge of EEO timing rules and knowledge regarding the fact that the adverse actions and conditions at work were due to discrimination." The short answer to this objection is that from and after December 2001, Plaintiff had access, either directly or through counsel, to all the information necessary to evaluate and present his claim. Everything he raised in his sworn testimony to the EEO investigator (PSF Ex. A) as evidence of creation of a hostile work environment, mishandling of his OWCP claim and issues concerning sick leave was known to him and to his counsel more than 45 days before his initial contact with the EEO Counselor. While it may be true, as Plaintiff states at page 21 of Plaintiff's memorandum, that equitable tolling can apply to excuse a failure to comply with time limitations when a claimant had neither actual nor constructive notice of a deadline, can make no such claim here, and certainly not with respect to any period after he engaged current counsel in December 2001.

    B.    Plaintiff Has Alleged No Facts to Show Unlawful Discrimination by Navy or its Personnel Either by Creation of a Hostile Work Environment, by Failure to Reasonably Accommodate Plaintiff's Alleged Disability, <u>or by Any Other Means</u>

The sufficiency of Plaintiff's allegations with respect to creation of a hostile work environment for Plaintiff and the lack of reasonable accommodation of his claimed disability were addressed in Defendants' opening memorandum and Defendants affirm the points made therein. Plaintiff's arguments on these points in Plaintiff's memorandum simply restate Plaintiff's submittals in the administrative process and Plaintiff's pleadings filed herein.

Rule 56(e) provides in pertinent part as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

"Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." <u>Medina-Munoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990). As Defendants showed in their opening brief, Plaintiff's

own evidence shows that his allegations rest wholly on "conclusory allegations, improbably inferences and unsupported speculation."  In this circumstance, summary judgment is justified and proper.

III. CONCLUSION

Plaintiff has not provided facts or arguments which would excuse his failure to make timely contact with an EEO Counselor concerning a number of his claims of unlawful discrimination, and thus, for the reasons set out in Defendants' opening memorandum, this Court should dismiss these claims.  They and the remainder of Plaintiff's claims were also found wanting on their merits by the AJ.  They should also be rejected through summary judgment by this Court, because Plaintiff's own affidavit to the EEO investigator affirmatively demonstrates that Plaintiff had no valid grounds for his allegations of unlawful discrimination, and because nothing offered by Plaintiff since that time has provided any other facts to show unlawful discrimination.

Accordingly, Plaintiff's complaint should be dismissed, or in the alternative, summary judgment should be entered for Defendants.

DATED: July 7, 2006, at Honolulu, Hawaii.

        EDWARD H. KUBO, JR.
        United States Attorney
        District of Hawaii

        /s/ R. Michael Burke
By _____
        R. MICHAEL BURKE
        Assistant U.S. Attorney

Attorneys for Defendants
Federal Fire Department
Secretary of the Navy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MILTON K. KAOPUA, | ) | CIVIL NO. 04-00723 JMS-KSC |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| Federal Fire Department; | ) | |
| GORDON R. ENGLAND, Acting | ) | |
| Secretary, Department of the | ) | |
| Navy, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served upon the following at their last known address:

Served Electronically through CM/ECF:

ELBRIDGE W. SMITH   shlaw@hawaii.rr.com
July 7, 2006

DATED: July 7, 2006, at Honolulu, Hawaii.

/s/ Myra Y. Peterson