EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

R. MICHAEL BURKE  1902
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: Mike.Burke@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MILTON K. KAOPUA, | ) | CIVIL NO. 04-00723 JMS-KSC |
| | ) | |
| Plaintiff, | ) | DEFENDANTS' SUPPLEMENTARY |
| | ) | MEMORANDUM ON EQUITABLE |
| vs. | ) | TOLLING FOLLOWING RETENTION OF |
| | ) | COUNSEL; CERTIFICATE OF |
| Federal Fire Department; | ) | SERVICE |
| GORDON R. ENGLAND, Acting | ) | |
| Secretary, Department of the | ) | |
| Navy, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

DEFENDANTS' SUPPLEMENTARY MEMORANDUM ON
EQUITABLE TOLLING FOLLOWING RETENTION OF COUNSEL

Defendants FEDERAL FIRE DEPARTMENT and GORDON R. ENGLAND,

Acting Secretary, Department of the Navy, by and through their

attorneys, the United States Attorney for the District of Hawaii

and Assistant United States Attorney Edric M. Ching, and hereby

submits the following supplemental memorandum regarding the applicability of the equitable tolling exception to the EEO statute of limitations after Plaintiff retained and consulted with counsel who was well-versed in employment and EEO law.

In his Memorandum in Opposition at pages 19-22, Plaintiff argues that his untimely contact with the Navy EEO Counselor with respect to his claims of racial discrimination[1] should be excused on grounds of equitable tolling.

Plaintiff cites <u>Leorna v. United States Department of State</u>, 105 F.3d 548 (9th Cir. 1997) to support a proposition that a complainant's time for filing a claim of discrimination may be extended on grounds of equitable tolling

<u>Leorna</u> and similar cases, however, also make clear that equitable tolling ceases once Plaintiff is represented by counsel.  In <u>Leorna</u>, the court stated that

> The requirement that a claim of discrimination be timely filed with the agency is subject to the doctrine of equitable tolling.  This doctrine has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period. <u>However, once a claimant retains counsel, tolling ceases because she has "gained the 'means of knowledge' of her rights and can be charged with constructive knowledge of the law's requirements."</u>

_____

[1] Plaintiff's eventual complaint to the EEO Counselor included assertions of unlawful discrimination based on religion.  The claims of religious discrimination were not carried forward to the instant litigation.

Id. (emphasis added). See also Johnson v. Henderson, 314 F.3d 409 (9th Cir. 2002) and Stallcop v. Kaiser Foundation Hospitals, 820 F.2d 1044 (9th Cir.), cert. denied 484 U.S. 986, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987).

Applying the principle stated in Leorna is particularly appropriate in this case, since all of the facts asserted by Plaintiff in his sworn statement to the EEO investigator to show that racial discrimination was the cause of his asserted problems were known to Plaintiff on or before December 21, 2001 when he engaged present counsel.[2] See Declaration of Elbridge W. Smith, Exhibit G to Defendant's Concise Statement, Paragraph 3. Plaintiff's basis for his allegations that the Agency subjected him to a hostile work environment because of his race is set out at Plaintiff's Exhibit 3 at page 65 as follows:

> One of my men died in 1998 or 1999 and his name was David Reid – he was Hawaiian.  He died on duty and I was not at work that day.  The men went out to buy more beer and the car flipped over and David Reid was killed.  After the incident, I talked to Chief Gilding and asked him what they were going to do because my men were drinking and he said they weren't going to do anything.  I think that because Mr. Reid was Hawaiian, they just shoved the matter under the table and didn't take any action.  If Mr. Abad had killed me they probably would have shoved that under the table, too. The Acting Captain, when David was killed, was Kimo Lake and nothing happened to him, probably because he isn't Hawaiian.

---

[2] The principle stated in Leorna should apply when Plaintiff first engaged counsel with respect to his worker's compensation claim, and at latest when he engaged present counsel.

Plaintiff's sworn statement details the same factual grounds for all his other allegations that his claimed difficulties with respect to the safety of his workplace, the handling of his worker's compensation claim and the handling of his claims for advance sick leave and the Voluntary Leave Transfer Program resulted from race discrimination.  See Plaintiff's Exhibit 3 at paragraphs 43, 47 and 52.

Thus on its face, Plaintiff's sworn statement shows that he was aware of the essential facts pertinent to his claims of racial discrimination, at the very latest, by December 21, 2001. Under Leorna, even if his time for reporting was initially subject to equitable tolling, that tolling ceased when he first retained counsel and thereby obtained the "means of knowledge" with respect to his legal rights and obligations.

It is the Government's position, of course, that neither the facts available to Plaintiff when he engaged present counsel nor any facts developed after that time show any unlawful discrimination by any Federal employee against Plaintiff at any time.  Granted that Plaintiff believes otherwise, Plaintiff had an obligation to contact a Navy EEO Counselor with respect to those claims within the statutory deadline.  Plaintiff did not do so, and his claim of racial discrimination are therefore barred.

4

Based on the foregoing, Defendants urge the Court to find that the equitable tolling exception to the EEO statute of limitations does not apply in this matter.

DATED: August 8, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ Edric M. Ching
By _____
R. MICHAEL BURKE
Assistant U.S. Attorney

Attorneys for Defendant

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MILTON K. KAOPUA, | ) | CIVIL NO. 04-00723 JMS-KSC |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| Federal Fire Department; | ) | |
| GORDON R. ENGLAND, Acting | ) | |
| Secretary, Department of the | ) | |
| Navy, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served upon the following at their last known address:

Served Electronically through CM/ECF:

ELBRIDGE W. SMITH shlaw@hawaii.rr.com
August 8, 2006

DATED: August 8, 2006, at Honolulu, Hawaii.

/s/ Myra Y. Peterson
_____